**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-80090-MIDDLEBROOKS/Brannon**

ANTOINETTE FUSCO,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

**ORDER GRANTING MOTION TO STAY**

THIS CAUSE is before the Court upon the Parties' Joint Motion to Stay Action Pending Resolution of Appeal in Related Case ("Motion") (DE 37), filed on September 15, 2020. The Parties seek a stay of this matter pending the Eleventh Circuit Court of Appeals' decision in *Bardak v. Ocwen Loan Servicing, LLC*, No. 20-13297 (11th Cir. filed Sept. 1, 2020). In support, the Parties represent that the Fair Debt Collection Practices Act ("FDCPA") claim that is the subject of *Bardak* is "materially identical to Plaintiff's sole surviving claim in this case." (DE 37 at 1). Specifically, one of the issues on appeal—whether Defendant's convenience fees violated the FDCPA—is the dispositive question of the instant action. Moreover, the Parties direct the Court to a split of authority among district courts within this Circuit on this very issue, submitting that staying this action will provide needed clarity and avoid the issuance of further conflicting rulings in the interim. (DE 37 at 3-4 n.1). Based on these representations and my review of the record and pertinent law, I am satisfied that the outcome of *Bardak* will be relevant, perhaps even controlling, to the resolution of this case and thus that a stay is warranted. As *Bardak* is a very recently filed appeal, I further find that it is appropriate to administratively close this case while it is stayed.

Accordingly, pursuant to this Court's inherent power to stay proceedings in one suit pending the decision in another involving identical or substantially similar issues, *see Landis v. North Am. Co.,* 299 U.S. 248 (1936), it is hereby **ORDERED AND ADJUDGED** that:

1. The Joint Motion to Stay Action Pending Resolution of Appeal in Related Case (DE 37) is **GRANTED**.

2. The Clerk of Court shall **ADMINISTRATIVELY CLOSE THIS CASE**.

3. All pending Motions are **DENIED AS MOOT**, subject to being renewed, if any party deems it necessary, after the stay is lifted.

4. The stay shall be lifted and this case shall be restored to the active docket upon the motion of either Party after the Eleventh Circuit has reached a decision in *Bardak v. Ocwen Loan Servicing, LLC*. The Parties shall file a Motion to Lift Stay as soon as possible after the *Bardak* decision is rendered, but in no case more than two weeks after the mandate issues. At that point, a new trial date will be set.

**SIGNED** in Chambers at West Palm Beach, Florida on this 21st day of September, 2020.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of record